THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELMER RANDALL, Defendant-Appellant.

Third District   No. 75-423

Opinion filed August 30, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant was found guilty by a jury under two counts of an indictment charging him with the murder of Mary J. MacAskill, in violation of section 9—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 9—1(a)(1)). Judgments of conviction were entered as to both counts but defendant was sentenced only for the greater offense stated in Count I to an indeterminate term of not less than 75 years nor more than 200 years in the penitentiary. He argues here that the sentence is excessive and that the circuit court erred in entering the judgment of conviction for the lesser included offense stated in Count II. The State concedes the second contention.

The victim was stabbed to death on July 21, 1974, in the hallway of her apartment building where she had just shared Sunday dinner with her parents and defendant. Shortly after the killing, defendant signed himself in at the Manteno State Hospital where he was arrested the next day by Kankakee police. On August 26, 1974, defense counsel filed a motion for a hearing to determine if defendant was fit to stand trial. As a result, he was examined by two court-appointed psychiatrists, and found unfit by the court. On January 3, 1975 the State filed a petition to return defendant from the State Psychiatric Hospital at Chester for another fitness hearing.

On this occasion a psychiatrist testified defendant was fit to stand trial but still in need of mental treatment. The cause then proceeded to trial.

At the trial, decedent's mother testified that she noticed nothing unusual about defendant on the day of the crime and that he seemed a "nice man." Defendant admitted the stabbing, however, and that it was during an argument. A defense psychiatrist described defendant as a paranoid schizophrenic who on the day of the crime "was unable to conform his behavior to the requirements of law, to appreciate his conduct or criminality." Two different psychiatrists testified for the State on rebuttal, that defendant was not insane on the day of the crime although chronically mentally ill. Defendant also testified that he often heard "voices" from the sky. A pre-sentence report indicated that defendant had previously been convicted of two counts of armed robbery and one count of robbery; had been incarcerated for a total of 12 years; and that since his release from prison, he had been admitted and discharged from mental health facilities a total of six times.

It is argued that although the jury found defendant guilty of an intentional killing, and his background does not indicate that a minimum term is appropriate, nonetheless his mental condition, while it does not absolve him of legal responsibility, does lessen the extent of his accountability and shows a lack of premeditation. Accordingly, relying upon the decisions in *People v. Walcher*, 42 Ill. 2d 159, 246 N.E.2d 256 (1969), and *People v. Viser*, 62 Ill. 2d 568, 343 N.E.2d 903 (1975), defendant asserts that the sentence here is unduly severe.

■■ ■ The circuit judge in sentencing defendant noted that his background showed a propensity for violence and violent crimes, and that for the protection of himself and society, defendant should receive a substantial sentence. The circuit judge was in a superior position to evaluate the psychiatric testimony, the character of defendant and the nature of the crime and the prior criminal offenses. We are persuaded that we should not disturb his judgment where the penalty imposed does not constitute any great departure from fundamental law. Furthermore, we do not accept defendant's proposition that the evidence of previous violent crimes should be considered as reasons for mitigating the punishment for an intentional murder.

■■ Since the State concedes error, the judgment of conviction on Count II is vacated. In all other respects the judgment and sentence is affirmed.

Judgment of conviction on Count II is reversed and vacated; the judgment of conviction on Count I and the sentence imposed is affirmed.

ALLOY, P. J., and STENGEL, J., concur.